UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| LARRY P. KOFFMAN ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:10-1065 |
| ] | Judge Trauger |
| RICKY BELL, WARDEN ] | |
|     Respondent. ] | |

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Institution in Terre Haute, Indiana. He brings this action pursuant to 28 U.S.C. § 2254 against Ricky Bell, Warden of the Riverbend Maximum Security Institution, seeking a writ of habeas corpus.[1]

### I. BACKGROUND

On May 14, 2003, a jury in Robertson County found the petitioner guilty of aggravated robbery and aggravated assault. Docket Entry No.31-1 at pgs.60-61. For these crimes, he received consecutive sentences of fifteen (15) years and eight years, respectively, for an effective sentence of twenty three (23) years

---

[1] When this action was filed, the petitioner was an inmate at the Riverbend Maximum Security Institution in Nashville. He has since been transferred to his present place of confinement. *See* Docket Entry No.11.

1

in prison. *Id.* at pgs.65-66. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. <u>State of Tennessee v. Larry Paul Koffman</u>, 207 S.W.3d 309 (Tenn.Crim.App. 2006). The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.31-12 at pg.2.

While the petitioner's application for additional review was still pending in the Tennessee Supreme Court, he filed a *pro se* petition for federal habeas corpus relief. <u>Koffman v. Tennessee</u>, Civil Action No.3:06-0397 (M.D.Tenn.)(Echols, S.J., presiding). This petition, however, was withdrawn without prejudice shortly thereafter so as to allow the petitioner an opportunity to fully exhaust state court remedies.

In October, 2006, the petitioner filed a *pro se* petition for state post-conviction relief. *See* Docket Entry No.31-15 at pg.3. Counsel was appointed to represent the petitioner and an amended post-conviction petition was filed on his behalf. Following an evidentiary hearing, the trial court denied the petition. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.31-15. The Tennessee Supreme Court once again rejected the petitioner's application for further review. <u>Larry Paul Koffman v. State of Tennessee</u>, 2010 WL 37774444.

## II. PROCEDURAL HISTORY

On November 9, 2010, the petitioner filed the instant petition

2

for writ of habeas corpus. Docket Entry No.1. From the petition, the Court gleans four claims for relief. These claims include :

    (1) the petitioner was wrongfully arrested and, as a result, suffered an illegal search and seizure;

    (2) the petitioner's statement to the police (Docket Entry No.31-2 at pgs.3-29) should have been suppressed because it was coerced;

    (3) trial counsel was rendered ineffective when, during a pre-trial suppression hearing, the prosecution withheld over fifty pages of a transcript that contained the petitioner's confession. "If the State would have turned over all of the transcripts from the police interrogation at that time, Mr. Koffman's statement would not have been introduced at trial and he would not have been prejudiced[2]; and

    (4) prosecutorial misconduct occurred when the State withheld portions of the petitioner's transcribed confession in violation of his constitutional rights (Brady claim).

Docket Entry No.1 at pgs.13-19.

    A preliminary examination of the petition was conducted after which it was determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.4) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

---

[2] At trial, the petitioner was represented by Joe R. Johnson, II, a member of the Robertson County Bar.

Presently pending before the Court is the respondent's Answer (Docket Entry No.30), to which the petitioner has offered no reply. Upon consideration of the Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. PROCEDURALLY DEFAULTED CLAIMS

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider

the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

The petitioner has never sought review of his third (ineffective assistance) and fourth (prosecutorial misconduct) claims in the state courts.[4] *See* Docket Entry Nos.31-7 and 31-15. Nor has he ever fairly presented his first claim (illegal search and seizure) to the state courts. Docket Entry No.31-15 at pg.5 (claim was deemed to be waived because it hadn't been raised on direct appeal).

To properly exhaust state court remedies, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir. 1996). In the case of the petitioner's first, third and fourth claims, he failed to do so. At this late date, state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

[4] In his post-conviction appellate brief, the petitioner alleged that counsel had been ineffective for failing to object to the admission of evidence. Docket Entry No.31-13 at pg.31. That claim is completely different from the ineffective assistance claim presently before the Court.

5

unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84 (1977); Engle v. Isaac, 456 U.S. 107, 129 (1982).

The petitioner has shown neither cause for his failure to properly exhaust these claims nor any prejudice arising from them. Therefore, his procedural default of these claims is unexcused and will not support an award of habeas corpus relief.

### IV. FULLY EXHAUSTED CLAIM

The petitioner's remaining claim, i.e., whether his statement to the police had been coerced and should have been suppressed (Claim No.2), was fully litigated in the state courts on direct appeal. The Tennessee Court of Criminal Appeals found that the failure to suppress petitioner's statement to the police was error. Nevertheless, it was further determined that relief was not appropriate because the error was harmless. State of Tennessee v.

6

Larry Paul Koffman, *supra* at 207 S.W.3d 320.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495,1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id* at 120 S.Ct. 1511.

After an accused invokes the right to counsel during an interrogation, all questioning must cease until an attorney is present. Miranda v. Arizona, 384 U.S. 436,474 (1966); Edwards v. Arizona, 451 U.S. 477,484-85 (1981). The petitioner was questioned

7

by police even after he had invoked his right to speak to an attorney. State of Tennessee v. Larry Paul Koffman, *supra* at 207 S.W.3d 318. Therefore, it was error for the trial court to allow admission of the petitioner's statement into evidence at trial.

The admission of a tainted statement, however, is subject to harmless error analysis. Arizona v. Fulminante, 499 U.S. 279,310 (1991). Before a constitutional error of this magnitude can be held harmless, this Court must be convinced "beyond a reasonable doubt" of its harmlessness. Chapman v. California, 386 U.S. 18,24 (1967).

A man entered a convenience store, picked up a can of motor oil, and brought it to the counter. As the clerk (Wendy Peden) was ringing up the sale, the man grabbed money from the cash register. Docket Entry No.31-4 at pgs.43-44. The clerk noticed that the man was pointing a silver pistol at her. *Id.* at pgs.44-45. She remembered that he was very dirty, "like he had been working on vehicles or something". *Id.* at pg.61. The clerk saw the man leave the store and drive off in a red car. *Id.* at pg.46. A friend (Tracey Harney) of the clerk in the store at the time confirmed most of this testimony. *Id.* at pgs.76-79.

A customer (Gary Frakes) at the time of the robbery followed a red car from the parking lot outside the store. *Id.* at pgs.97-98. During the pursuit, the man in the red car shot at the customer. *Id.* at pg.98. The pursuit continued onto the interstate. Eventually, the red car pulled off the road, the driver exited the

vehicle and ran into the woods. *Id.* at pgs.107-109. At trial, the customer identified the petitioner as the man he had followed from the store in a red car, had shot at him and fled into the woods. *Id.* at pg.109.

A few hours later, a police officer (Evan Bates) with the White House Police Department noticed the petitioner wearing dirty clothing in a parking lot near the woods. As the officer and his partner approached him, the petitioner fled. *Id.* at pg.140. They captured the petitioner and recovered a handgun he had dropped during the chase. *Id.* at pgs. 140-142. Another officer (Matthew Marshall) searched the car abandoned on the interstate and found a clip of pistol ammunition with a can of motor oil. Docket Entry No.31-5 at pg.20.

The evidence, even without the petitioner's statement, was more than sufficient for any rational juror to have found beyond a reasonable doubt that the petitioner was the man who robbed the convenience store. Certainly, the petitioner's statement to the police admitting his guilt was powerful evidence. However, its suppression would not have changed the jury's finding of guilt. For that reason, the Court finds that the ruling of the state courts in this regard was neither contrary to nor an unreasonable application of federal law.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the

factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, the failure to suppress the petitioner's statement to the police was harmless error.

In the absence of an actionable claim, the instant petition for writ of habeas corpus has no merit.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge